

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00781-CV

Ernest **BUSTOS**,
Appellant

v.

**BEXAR APPRAISAL DISTRICT**, Appraisal Review Board of Bexar Appraisal District, Bexar County, North East Independent School District, and City of San Antonio,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-16392
Honorable Aaron S. Haas, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 26, 2021

AFFIRMED

This appeal arises from a lawsuit filed by Ernest Bustos against the Bexar Appraisal District ("the Appraisal District"); the Appraisal Review Board of Bexar Appraisal District ("the Appraisal Review Board"); Bexar County; North East Independent School District ("NEISD"); and the City of San Antonio.

On August 28, 2018, Ernest Bustos filed a pro se original petition and application for temporary injunction against the Bexar Appraisal District; the Appraisal Review Board; Bexar County; NEISD; and the City of San Antonio. In response to the lawsuit, Bexar County, NEISD,

and the City of San Antonio filed a plea to the jurisdiction, arguing that the trial court did not have subject matter jurisdiction over Bustos's lawsuit. Likewise, the Appraisal Review Board filed an answer and a plea to the jurisdiction, alleging that the trial court did not have jurisdiction over the lawsuit.

On August 27, 2020, the trial court held a hearing. At the time of the hearing, Bustos's live petition was his third amended petition. The essence of his claims was that the Appraisal District had engaged in a scheme to defraud him and other residential property owners because the Appraisal District frequently settled tax protest lawsuits filed by commercial property owners under Chapter 42 of the Texas Tax Code. According to Bustos's petition, by settling these lawsuits, the Appraisal District and the Appraisal Review Board were complicit in shifting billions of dollars in tax burden from commercial to residential property owners. Bustos alleged that Bexar County, NEISD, and the City of San Antonio were "willfully blind to Bexar Appraisal District and Bexar Appraisal Review Board's unlawful actions." Thus, Bustos alleged a cause of action for fraud and a cause of action for conspiracy to commit fraud. Bustos's petition affirmatively stated that his cause of action was "not an ad valorem tax cause of action."

At the end of the hearing, the trial court orally granted the Appraisal Review Board's plea to the jurisdiction. That same day, the trial court signed two separate orders. The first order granted the Appraisal Review Board's plea to the jurisdiction and dismissed Bustos's claims against it. The second order granted the plea to the jurisdiction filed by Bexar County, the City of San Antonio, and NEISD, dismissing Bustos's claims against these governmental units.[1] Bustos appeals from these two orders.

---

[1] The clerk's record does not reflect that the trial court granted any plea to the jurisdiction filed by the Appraisal District. Thus, it appears that this appeal is interlocutory. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (allowing interlocutory appeal of order granting plea to the jurisdiction filed by a governmental unit).

## DISCUSSION

### A. *Improper Comment by Trial Judge?*

In his brief, Bustos first argues that the trial judge made an "improper comment to appellees before the hearing [that] showed bias." Bustos claims that the trial judge said "I agree with you" to appellees before the hearing and without first reviewing his pleadings. "To reverse a judgment on the basis of judicial misconduct, a reviewing court must conclude both that judicial impropriety occurred and that the complaining party suffered harm." *Kroger Co. v. Milanes*, 474 S.W.3d 321, 344 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Here, the reporter's record of the hearing does not reflect any such comment was made by the trial judge. There is simply nothing in the appellate record to support Bustos's argument on appeal. Thus, we hold Bustos has not shown on appeal that any error was committed by the trial court. *See* TEX. R. APP. P. 44.1; *Wiltfang v. Naegeli Transp., Inc.*, No. 14-19-00395-CV, 2020 WL 5415349, at *3 (Tex. App.—Houston [14th Dist.] Sept. 10, 2020, no pet.).

### B. *Granting of Pleas to the Jurisdiction*

Bustos next complains that the trial court erred in granting the pleas to the jurisdiction because it did not accept his factual allegations in his petition as true or construe his pleadings liberally. In his live pleading, Bustos sued the governmental entities for fraud and conspiracy to commit fraud. He explicitly stated in his petition that he was not bringing an ad valorem tax dispute.

"Sovereign immunity, or governmental immunity as it is called in relation to subdivisions of the State such as cities, defeats a trial court's subject matter jurisdiction unless the immunity has been waived." *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). "Accordingly, it is properly asserted by a plea to the jurisdiction." *Id*. We review a trial court's ruling on a plea to the jurisdiction de novo. *Id*. "In doing so, we consider the pleadings,

factual assertions, and all relevant evidence in the record." *Id*. "Looking at the plaintiff's intent, pleadings are construed liberally in favor of the plaintiff to determine whether the facts alleged affirmatively demonstrate the court's jurisdiction to hear the matter." *Id*. "The trier of fact resolves the jurisdictional issue if evidence in the record raises a fact issue; however, the trial court rules as a matter of law if the evidence is undisputed or fails to raise a fact question." *Id*.

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). "[N]o State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Id*. (citation omitted). Accordingly, a "unit of state government is immune from suit and liability unless the state consents." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). "Governmental immunity from suit defeats a court's subject matter jurisdiction." *Id*. "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Id*. "To determine if the plaintiff has met that burden, 'we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.'" *Id*. (quoting *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

Bexar County, the City of San Antonio, NEISD, and the Appraisal Review Board are all entitled to governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3) (defining a "governmental unit" to include "a political subdivision of this state, including any city, county, school district" and the "state and all the several agencies of government that collectively constitute the government of this state ... and any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution"); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374

(Tex. 2006); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Thus, they can only be sued when the legislature has statutorily waived governmental immunity. *See Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 655. "We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *Id*. (citing TEX. GOV'T CODE § 311.034). In his live petition, Bustos did not plead any specific legislative waiver of immunity. In reviewing his live petition, he has brought two tort claims: fraud and conspiracy to commit fraud. The Texas Tort Claims Act, however, does not waive immunity for common law fraud claims. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–009.

In his brief, Bustos argues that governmental immunity has been waived because Bexar County, the City of San Antonio, and NEISD filed suit against him "to collect unlawful taxes." In support of his argument, he cites the Texas Supreme Court's opinion in *Anderson, Clayton & Co. v. State*, 62 S.W.2d 107 (Tex. 1933), and *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006), for the proposition that where a state voluntarily files a suit and submits its rights for judicial determination, it "waives" sovereign immunity. Recently, in *Nazari v. State*, 561 S.W.3d 495 (Tex. 2018), the Texas Supreme Court explained that the issue in those previous cases had not been whether the state or governmental entity had "waived" sovereign/governmental immunity but was instead "the scope of the [state's or governmental entity's] immunity." *Nazari*, 561 S.W.3d at 501. According to the supreme court, "although [the court] defer[s] to the legislature to determine whether the state has waived immunity, 'sovereign immunity is a common-law creation,' and the 'responsibility to define the boundaries of the doctrine' remains with the judiciary." *Id*. (quoting *Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 753 (Tex. 2017)). The supreme court explained that "[o]ne such boundary is that a governmental entity simply 'does not have immunity from suit for monetary claims against it that are "germane to, connected with, and properly defensive to" affirmative claims made by the entity,' to the extent

that the claims against the entity offset the entity's own claims." *Id*. (quoting *City of Dallas v. Albert*, 354 S.W.3d 368, 372 (Tex. 2011), and *Reata*, 197 S.W.3d at 378). "This is not because the governmental entity 'waives' its immunity by filing a claim for affirmative relief." *Id*. at 502 (quoting *C. Borunda Holdings, Inc. v. Lake Proctor Irrigation Auth.*, 540 S.W.3d 548, 550 (Tex. 2018)). "Instead, the scope of governmental immunity simply does not reach the defensive counterclaims to the extent that any recovery on the counterclaims serves as an 'offset' against the government's recovery." *Id*. (quoting *C. Borunda Holdings*, 540 S.W.3d at 550). Thus, the supreme court explained that the issue was "not whether the state waived its immunity against the [defendant's] counterclaims by filing this suit, but whether the scope of the state's immunity encompasses those counterclaims to begin with." *Id*.

This concept, which is relied on by Bustos in his brief, does not apply in this case. The delinquent tax suit referred to by Bustos is not part of the underlying litigation. It was a previous lawsuit from which Bustos did not appeal. Indeed, in his petition, Bustos explicitly states that the underlying lawsuit is not one for ad valorem taxes. Thus, his lawsuit does not fall under the limited waiver of governmental immunity found in the Texas Tax Code, which sets forth administrative procedures for aggrieved property owners to protest their tax liabilities. *See* TEX. TAX CODE §§ 41.01-41.71, 42.01-42.43). Pursuant to the Tax Code, after an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court, which reviews the matter de novo. *See* TEX. TAX CODE §§ 42.01, 42.06, 42.21. The Tax Code provides that such remedies are exclusive. *Id*. § 42.09. That is, the "rights, procedures, and remedies" in the Tax Code "supersede a property owner's common law rights and remedies." *Gregg Cty. Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16 (Tex. App.—Tyler 1995, writ denied). Compliance with the requirements of the Tax Code is jurisdictional, and a party's failure to comply deprives a trial court of jurisdiction. *Id*. Again, Bustos explicitly pled in his petition that his underlying lawsuit is not

one for ad valorem taxes. Thus, this limited waiver of immunity does not apply. Additionally, the Legislature stated its intent that any waiver of governmental immunity does not apply to claims arising from a delinquent tax suit when it enacted section 101.055 of the Texas Tort Claims Act:

> This chapter [Governmental Liability for Tort Claims] does not apply to a claim arising: (1) in connection with the assessment or collection of taxes by a governmental unit; . . . .

TEX. CIV. PRAC. & REM. CODE § 101.055.

Bustos further argues that governmental immunity did not extend to appellees "because their actions are willful" and violated his constitutional rights under the Texas Constitution, emphasizing that the Texas Constitution requires taxation to be applied equally and in proportion to value. Bustos cites no statute, and we can find none, providing for a waiver of governmental immunity for "willful actions" in this context. Nor can we find a statute that waives governmental immunity when a governmental entity acts with "willful ignorance," as pled by Bustos. With regard to an alleged violation of his constitutional rights under the Texas Constitution, governmental immunity does not prevent a party from suing *a governmental official* in his official capacity for allegedly acting ultra vires in carrying out his duties. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("[I]t is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money."); *see also Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 n.1 (Tex. 2016). "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. "Thus, ultra vires suits do not attempt to exert control over the state—they attempt to reassert the control of the state." *Id*. "Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy." *Id*.

However, such a claim cannot be brought against the governmental entity itself and must instead be brought against governmental officials. *Heinrich*, 284 S.W.3d at 373. In his reply brief, Bustos clarifies that he did not bring an ultra vires claim.[2] Even if Bustos was attempting to bring such a claim, he has sued the governmental entities and not the officials.

Finally, Bustos argues the trial court's orders granting the pleas to the jurisdiction violate his rights under the Texas and United States Constitutions. He argues that the trial court's orders constitute "an unreasonable restraint on [his] right of access to courts" and violate his rights to due process. We disagree. The doctrine of sovereign/governmental immunity does not violate a party's constitutional rights to access the courts or a party's rights to due process. We find no constitutional violation. *See Stout v. Grand Prairie Indep. Sch. Dist.*, 733 S.W.2d 290, 297 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (holding sovereign immunity does not violate due process, open courts, and equal protection provisions of state and federal constitutions). As Bustos has not plead or shown a valid waiver of governmental immunity, we hold the trial court did not err in granting the respective pleas to the jurisdiction filed by the Appraisal Review Board, NEISD, Bexar County, and the City of San Antonio.

### C. Motion to Vacate and Motion for New Trial

Finally, Bustos argues the trial court abused its discretion by not holding a hearing on his Motion to Vacate and Motion for New Trial. The Judge's Notes in the clerk's record reflect that Bustos's motion was called on October 31, 2019, but that "NR" was "granted." There is no reporter's record of this hearing in the appellate record and no indication of what the trial judge meant by "NR" in his notes. The clerk's record does reflect, however, that Bustos's claims against the Appraisal District have not been dismissed in the underlying lawsuit; thus, this appeal is

---

[2] Bustos also states in his reply brief that he is not bringing a claim under the Uniform Declaratory Judgments Act.

interlocutory and no final judgment has been signed. Given Bustos has filed this interlocutory appeal, which we have reviewed de novo, we find no harm to Bustos in the trial court not hearing what was, in essence, a motion for the trial court to reconsider its orders granting the pleas to the jurisdiction.

## CONCLUSION

We affirm the trial court's orders granting the pleas to the jurisdiction filed by the Appraisal Review Board, Bexar County, NEISD, and the City of San Antonio.

Liza A. Rodriguez, Justice