**Dismiss and Opinion Filed September 1, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00982-CV**

**JOHNNY AGUINAGA AND DFW PROJECTS, LLC, Appellants**
**V.**
**JAT PROJECTS HOLDINGS TEXAS, LLC AND JAT REAL PROPERTY**
**HOLDINGS TEXAS, LLC, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-10069**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

This appeal involves the severed portion of a dispute between joint venturers

who planned to develop townhomes on a particular piece of property (the Property).

In the course of that larger dispute, appellants Johnny Aguinaga and DFW Projects,

LLC filed a notice of lis pendens on the Property. On motion of appellees JAT

Projects Holdings Texas, LLC and JAT Real Property Holdings Texas, LLC, the

trial court expunged the notice. The trial court then awarded appellees attorney's

fees, severed this portion of the case, and signed a final judgment in the severed

action. In this Court, appellants challenge the legal and evidentiary bases for the trial

court's expunction of the notice of lis pendens. We conclude that the appeal is moot, and we vacate the judgment of the trial court and dismiss the case for want of jurisdiction.

Appellants' brief asks us (a) to "reverse and render" the trial court's judgment expunging the lis pendens and awarding attorney's fees and (b) to order reconsolidation of the underlying case. Such a reversal would resuscitate the lis pendens in the real property records as notice of appellants' claims against appellees involving the Property. Those claims involved "title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property" held by appellees. [1]

However, after appellants filed their brief, appellees filed a Motion to Dismiss Appeal for Mootness. Appellees attached a certified copy of the trial court's expunction order, showing that on January 15, 2020, the order had been filed in Dallas County's real property records. And they explained that on November 14, 2020—some twelve days after appellants perfected this appeal—the Property was

---

[1] The Notice of Lis Pendens identified the lawsuit and stated:

The Lawsuit is a civil case in which Defendants are seeking affirmative relief against JAT Project Holdings Texas, LLC, JAT Real Estate Holdings Texas, LLC and John Thaler involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property.

The Defendants are seeking various types of relief in the Lawsuit that may affect title to real property, including specific performance, rescission, and the imposition of a constructive trust.

sold to a third-party purchaser, Gilfan Lakewood East, LLC (Gilfan). A certified copy of the Special Warranty Deed evidencing the sale to Gilfan was attached to the motion to dismiss as well. Appellees argued that once they properly filed the expunction order, "title to the Property at issue was 'free and clear' of any encumbrances or clouds on title which would have caused any subsequent purchasers to being on notice of a *lis pendens* (or other cloud of title)." Appellees relied on the following section of the expunction statute:

> After a certified copy of an order expunging a notice of lis pendens has been recorded:
>
> (1) the notice of lis pendens and any information derived or that could be derived from the notice:
>
>> (A) does not:
>>
>>> (i) constitute constructive or actual notice of any matter contained in the notice or of any matter relating to the action in connection with which the notice was filed;
>>>
>>> (ii) create any duty of inquiry in a person with respect to the property described in the notice; or
>>>
>>> (iii) affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value; and
>>
>> (B) is not enforceable against a purchaser or lender described by Paragraph (A)(iii), regardless of whether the purchaser or lender knew of the lis pendens action; and
>
> (2) an interest in the real property may be transferred or encumbered free of all matters asserted or disclosed in the notice and all claims or other matters asserted or disclosed in the action in connection with which the notice was filed.

TEX. PROP. CODE ANN. § 12.0071(f). Appellees argued that, given the "protective effect" of this statute, if we were to reinstate the Notice of Lis Pendens, such a ruling would have no legal effect or consequence on appellants, appellees, or Gilfan.

Appellants responded to the motion to dismiss, arguing that appellees have "neither made nor presented any record which indicates that the subsequent purchase has good faith status," relying upon section f(1)(A)(3)'s description of a "purchaser for value."

We denied the motion to dismiss at that time and directed appellees to file their brief. Appellees did so, arguing the expunction order was proper and again contending that the appeal was moot once the Property was sold. Appellants did not file a reply brief.

With the advantage of full briefing and a full review of the record, we now review de novo the question of whether this appeal became moot once the Property was sold. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149–50 (Tex. 2012) ("The application of the mootness doctrine is reviewed de novo on appeal."). A case becomes moot when a justiciable controversy exists between the parties at the time the case arose, but that controversy ceases because of subsequent events. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). A controversy may cease to exist—and thus become moot—at any stage of the proceedings, including during the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Appellate courts lack jurisdiction to

–4–

decide moot controversies and render advisory opinions. *See Matthews*, 484 S.W.3d at 418 (mootness doctrine prevents appellate courts from rendering advisory opinions, which are outside jurisdiction conferred by Texas Constitution).

As we stated above, appellants would have us reverse the trial court's judgment and resuscitate the lis pendens in the real property records as notice of their claims against appellees involving the Property. But regardless of any other claims appellants may still have—and we express no opinion about any other claims—a resuscitated lis pendens in this case, which warns of appellants' claims against appellees regarding appellees' interest in the Property, can have no effect: those claims are moot because appellees no longer possess an interest in the Property. And to the extent the lis pendens was originally intended to warn potential purchasers of appellants' claims against appellees, such a "warning" today would be an empty one.

Our record contains no request by appellants to stay or supersede or otherwise suspend the enforcement of the trial court's expunction order or judgment. In the absence of such a constraint, appellees were able to transfer the Property "free of all matters asserted or disclosed in the notice and all claims or other matters asserted or disclosed in the action in connection with which the notice was filed." PROP. § 12.0071(f)(2). And once the Property was sold, any decision by this Court concerning the propriety of appellants' lis pendens could have no practical effect on an existing controversy between appellants and appellees. "A lis pendens is a litigation tool that is predicated on the pendency of a suit at the time of the sale or

transfer with respect to which it is sought to be invoked. Thus, a lis pendens has no existence separate and apart from the litigation of which it gives notice." *C. Borunda Holdings, Inc. v. Lake Proctor Irrigation Auth. of Comanche Cty.*, 540 S.W.3d 548, 552 (Tex. 2018) (interior quotes removed).

As to appellants' argument that appellees have not established that Gilfan is entitled to the protection of the expunction statute as a "purchaser for value," that controversy is not before us. And while we may consider the evidence filed by appellees in order to assess its effect on our jurisdiction, we are not a fact-finding body that can investigate further into a sale of the Property. *See Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) (because mootness arises *after* rendition of order complained of, we can consider evidence of matters occurring subsequent to order for that purpose alone); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) (appellate court has power to ascertain matters of fact necessary to proper exercise of its jurisdiction even if evidence not in trial court's record).

We conclude that appellants' issues have been rendered moot, and we lack jurisdiction to address them. *See id.* Appellees ask us to dismiss the appeal. But the Texas Supreme Court has found error when a court of appeals determines an appeal is moot, but it dismisses only the appeal and leaves the trial court's judgment in place. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (citing *Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.

2000) and *Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 230 (Tex. 1993)). We vacate the underlying judgment when a case becomes moot on appeal "to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded." *Marshall*, 198 S.W.3d at 788; *see also Meeker*, 317 S.W.3d at 763 (merely dismissing appeal would have effect of affirming judgment of lower court without considering any assignments of error thereto).

## Conclusion

We have concluded that the appeal is moot. Accordingly, we vacate the trial court's judgment, including the award of attorney's fees to appellees, and dismiss this case for lack of subject-matter jurisdiction.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

200982f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHNNY AGUINAGA AND DFW
PROJECTS, LLC, Appellants

No. 05-20-00982-CV        V.

JAT PROJECTS HOLDINGS
TEXAS, LLC, AND JAT REAL
PROPERTY HOLDINGS TEXAS,
LLC, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-10069.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Nowell participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMISS** this case for lack of subject-matter jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 1st day of September, 2022.