ACCEPTED
15-24-00051-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 2:25 PM
CHRISTOPHER A. PRINE
CLERK

## No. 15-24-00051-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 2:25:45 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS**

**CROWLEY INDEPENDENT SCHOOL DISTRICT,**

**APPELLANT,**

**V.**

**CARL STONEHAM AND MIKE MORATH,
IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION OF TEXAS,**

**APPELLEES.**

ON APPEAL FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
No. 048-336026-22, HON. CHRIS TAYLOR, JUDGE PRESIDING

**CARL STONEHAM'S RESPONSE TO
APPELLANT'S MOTION FOR REHEARING**

### I. INTRODUCTION

Jurisdictional issues may be raised for the first time on appeal—even at the Motion for Rehearing stage. *E.g.*, *Oncor Elec. Delivery Co. LLC v. Chaparral Energy LLC*, 546 S.W.3d 133, 138 (Tex. 2018). But here, the District's jurisdictional argument fails. It is telling that the basis of this jurisdictional argument (*i.e.*, Mr. Stoneham's declaratory judgment claim) arose from the District's creative attempt to recover after its loss at the Commissioner of Education. And in its Motion

for Rehearing, Crowley ISD again resorts to clever means to mitigate the impact of this Court's opinion.[1] But Crowley ISD initiated these legal proceedings, has been ably-represented by experienced legal counsel, and has never argued that the courts lack jurisdiction over any part of this matter. In fact, this Court has jurisdiction, and the Motion for Rehearing should be denied.

## II.  BRIEF BACKGROUND

Mr. Stoneham's request for a declaration sought only to resolve the District's pre-emptive and sly attempt to cut off its obligation to provide Mr. Stoneham back pay when he prevailed at the Commissioner.[2] That is, the attempted resignation was sent to, *and rejected by*, the District on April 13, 2022, the day before the Board met to consider (and act upon) Mr. Stoneham's termination. CR 1767-68, 1771, 1775-76, 1778-81. Pursuant to Texas Education Code § 21.301, Mr. Stoneham appealed

---

[1]     The Court has requested a response to the Motion for Rehearing, limited to the issue of immunity raised in Appellant's Motion. This Response is so limited. In the meantime, Appellee Stoneham is in receipt of Appellee Commissioner of Education's Motion to extend his time to file a response. The Commissioner's Motion suggests that he may respond in support of immunity. To the extent that the Court considers any other aspect of the Motion for Rehearing, and/or to the extent that the Commissioner files briefing on any legal issue not already addressed in this Response, Appellee respectfully requests an additional opportunity to submit briefing.

[2]     There is no other feasible explanation for the District's attempt to accept the resignation one hundred and twenty-six days after Mr. Stoneham's "offer" to resign. *See generally* Appellee Comm'r of Educ. Br. at 38-39 (describing the situation in terms of an "offer" to resign which was rejected by the District).

2

his termination to the Commissioner of Education. The Commissioner reversed the board's termination of his contract, entitling Mr. Stoneham to reinstatement with back pay, by order dated June 15, 2022.[3] CR 1703-20. Only after the unlawful termination was reversed by the Commissioner, did the District hatch a plan to abbreviate Mr. Stoneham's back pay. And by letter dated August 17, 2022, CISD's Superintendent purported to "accept" the attempted resignation it had previously (and unequivocally) rejected. CR 1805. The District filed suit in the trial court August 30, 2022, availing itself of the courts for judicial review of the Commissioner's decision. CR 6. In that suit, Mr. Stoneham sought and received a declaration from the Trial Court that the resignation was null and void based on the District's rejection.

The District, not Mr. Stoneham, initiated court proceedings for judicial review. The issue of the resignation was quite apparently also in dispute. The two issues were (and are) within the jurisdiction of the court, arising from the same transaction or occurrence (Mr. Stoneham's termination), involving the same two parties, and largely based legal review of undisputed facts.

---

[3] By law, when the Commissioner of Education reverses a school board decision, he must order reinstatement and order the school district to "pay the teacher any back pay and employment benefits from the time of discharge or suspension to reinstatement." Tex. Educ. Code § 21.304(e).

## III.    SCHOOL DISTRICT INITIATES LEGAL PROCEEDINGS

The Supreme Court of Texas has recognized that, "a governmental entity's immunity from suit does not extend to a situation where *the entity* has filed suit." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006). "By filing suit in court, a government makes clear that it has chosen to pursue justice (and presumably not just for itself) through litigation, at least in that particular case." *Id.* at 382 (Brister, J., concurring). Where the governmental entity files suit in the first place, the Court has characterized it as "fundamentally unfair," to allow the entity to thereafter claim immunity as to the defending party's claims against it. *See id.* at 375-76; *see also C. Borunda Holdings, Inc. v. Lake Proctor Irrigation Auth.*, 540 S.W.3d 548, 550 (Tex. 2018) ("As an initial matter, we are not concerned here with whether governmental immunity bars Borunda's counterclaims. Under *Reata*, it clearly does not because those counterclaims were germane to,[4] connected to, and properly defensive to Lake Proctor's affirmative claim for breach of contract, and

---

[4]    The First Court of Appeals has discussed whether a claim is "germane" in this context by applying factors considered in testing for a compulsory counterclaim. *See Archer Grp. LLC v. City of Anahuac*, 472 S.W.3d 370, 376 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The factors include whether "(1) [the claim] is within the jurisdiction of the court; (2) [the claim]is not at the time of filing the answer the subject of a pending action; (3) the claim is mature and owned by the defendant at the time of filing the answer; (4) [the claim] arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim; (5) [the claim] is against an opposing party in the same capacity; and (6) [the claim] does not require the presence of third parties over whom the trial court cannot acquire jurisdiction." *Id.* All these factors are present in this case.

sought only to offset any damages Lake Proctor might recover."); *Hughes v. Tom Green Cty.*, 573 S.W.3d 212, 219 (Tex. 2019) (holding that "governmental entities that elect to pursue affirmative claims 'are bound to participate in the litigation process as an ordinary litigant.'").

In its Motion for Rehearing, the District cites to the well-established general rule that a party may not use the declaratory judgment statute to enlarge the trial court's jurisdiction. But the cases cited by the District all involve suits against the government *initiated by private parties*. The key difference in this case, under *Reata*, is that the governmental entity has initiated the suit. And applying the principles set forth in *Reata*, the District plainly lacks immunity for Mr. Stoneham's declaratory judgment claim.[5]

Principles of immunity "assume[,] that the government is an unwilling litigant, haled into court by a private plaintiff." *Hughes*, 573 S.W.3d at 218. The Texas Supreme Court recognizes that these principles "do not apply equally when the government invokes the jurisdiction of the courts to assert its own claims." *Id.*; *see also id.* at 217 (characterizing the holding in *Reata*, not as a waiver of immunity,

---

[5] Counsel for Mr. Stoneham does not find authority procedurally identical to the immunity issue raised by the District here—*to wit*, a governmental entity appealing an agency decision, faced with an equitable counterclaim for declaration. However, the policy reasons set forth in *Reata*, and its progeny, are procedurally much closer to the instant case than the general declaratory judgment cases cited by CISD in its Motion for Rehearing.

but "a limitation on the 'contours of immunity' itself"). The entity does not enjoy immunity to opposing claims which are germane and connected to the entity's claims—so long as the claims are an offset to the governmental entity's claims.[6]

The Texas Supreme Court has further described principles of immunity, starting with the general reason for immunity—to prevent "government paralysis," which may be caused by endless litigation, letting the Legislature determine when to abrogate immunity for a specific purpose. *Hughes*, 573 S.W.3d at 218. Further, immunity restrains courts from acting on matters left to other branches. *Id.* But these policy justifications for immunity do not apply equally when the government invokes court jurisdiction for its own purpose. *Id.* Although waivers of immunity are a matter of legislative action, a determination of whether immunity exists is the province of the courts. *Id.* at 218-19.

Here, the Crowley ISD first invoked the trial court's jurisdiction, filing an original petition seeking review of the Commissioner's decision. C.R. 6-12. Plainly, it is the school district, not Mr. Stoneham, who first availed itself to the courts. Once it did so, it was "bound to participate in the litigation process as an ordinary litigant."

---

[6]     Mr. Stoneham recognizes that this doctrine calls into question his claim for attorney fees—which under the principles set forth in *Reata*, may exceed the equitable relief that is sought by both the District and Mr. Stoneham in their opposing claims. The primary purpose of the declaratory relief Mr. Stoneham requested was to bring legal closure to the matter of the resignation—not to claim attorney fees. Thus, Mr. Stoneham respectfully withdraws his claim for attorney fees.

6

*Hughes*, 573 S.W.3d at 219 (citing *City of Dallas v. Albert*, 354 S.W.3d 368, 377 (Tex. 2011)); *see also Harris Cty. v. Park at Westcreek, LP*, 606 S.W.3d 267, 275 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (applying *Reata* in a suit involving a declaratory claim, and counterclaims of the governmental entity requesting declaration—"we do not read *Reata* as holding that its reasoning can only apply to suits for money damages").

It was the District's action during the pendency of this case (*i.e.*, its scheme to resurrect the resignation) which gave rise to Mr. Stoneham's request for declaration. The requested declaration was part and parcel of the District's appeal to District court, and it conserves judicial resources for the courts to adjudicate the District's preemptive ploy to avoid paying Mr. Stoneham back pay along with the review of the Commissioner decision initiated by the District. Without question, Crowley ISD was a voluntary litigant and became bound by the litigation process in initiating that litigation—at least as to claims which are germane, connected, and properly defensive and offsetting to its own claim—as the declaration was here.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES NOT REQUIRED

As to Mr. Stoneham's request for declaration, exhaustion of administrative remedies is not required for at least two reasons.[7] First, the declaration requested

---

[7] The District has not asserted a failure to exhaust administrative remedies in its Motion for Rehearing. However, given that immunity and exhaustion often go hand-in-hand, Mr. Stoneham adds this argument and authorities for the Court.

involved a pure question of law. Second, even to the extent that the declaration involved something other than a pure question of law, administrative remedies are not available to Mr. Stoneham in this situation.

It is well settled that exhaustion is not required when the case is "controlled by pure questions of law." *Clint Ind. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545–46 (Tex. 2016). There is no dispute as to the facts underlying the request for declaration in this case. The District has not disputed any of the evidence, and the request for declaration presents a straightforward question of contract common law that can be determined based on that undisputed evidence.

Even if the request for declaration involved something other than a pure question of law, "[f]or administrative remedies to be available, [the party] must be aggrieved by either (1) the school laws themselves or (2) a school board's violation of the school laws." *McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 826 (Tex. 2016). *See also* Tex. Educ. Code § 7.057(a). Here, as in *McIntyre*, Mr. Stoneham meets neither condition. Mr. Stoneham's request for declaration does not present an aggrievement of the school laws themselves. In fact, the issue of teacher resignations involves an application of common-law contract-law principles. *See Cantu v. Cent. Educ. Agency*, 844 S.W.2d 565, 566 (Tex. App.—Austin 1994, no pet.). *See also* Appellee Comm'r of Educ. Br. at 39 (arguing that common-law contract principles apply to Mr. Stoneham's resignation, which are unfettered by the

Texas Education Code section cited by CISD in its briefing). It is not enough that a claim might simply "relate to" school laws, the school law must actually "aggrieve" a party to implicate a requirement to exhaust. *See McIntyre*, 499 S.W.3d at 826. The school laws of the state do not aggrieve Mr. Stoneham in his claim for declaratory relief. And naturally, Mr. Stoneham is not complaining of the school board's violation of the school laws in his request for declaration. The request arises from the District's superintendent's attempt to "accept" the resignation, which violated common-law contract principles.[8] For these reasons, Mr. Stoneham is not bound to exhaust administrative remedies on his declaratory judgment request.

## V. JURISDICTION OVER COMMISSIONER APPEALS

The District does not dispute this Court's jurisdiction over the substance of its own appeal of the Commissioner decision. The Texas Education Code makes clear that the courts have jurisdiction over appeals of a Commissioner of Education decision. Tex. Educ. Code § 21.307. The District only raises the jurisdictional issue related to Mr. Stoneham's request for a declaration. *See* C.R. 17. Thus, any ruling on the issue of immunity raised in the Motion for Rehearing should be limited to the request for declaration.

---

[8] Indeed, the superintendent's action occurred four months *after* the local record was made (and closed) by way of the hearing in which the board terminated Mr. Stoneham.

9

**CONCLUSION AND PRAYER**

For the foregoing reasons, Appellee Carl Stoneham asks the Court to overrule Appellant Crowley Independent School District's Motion for Rehearing, and maintain its prior orders and opinion issued in all respects.

Respectfully submitted,

THE ORTIZ LAW FIRM
1304 West Abram Street, Suite 100
Arlington, Texas 76013
817-861-7984 Telephone
817-861-8909 Facsimile

By: ___*/s/ Giana Ortiz*_____
GIANA ORTIZ
State Bar No. 24053824
gortiz@ortizlawtx.com
DANIEL A. ORTIZ
State Bar No. 15323100
dortiz@ortizlawtx.com

ATTORNEYS FOR APPELLEE
CARL STONEHAM

## CERTIFICATE OF COMPLIANCE

I certify that this Brief was produced on a computer using Microsoft Word 365 and contains 2,247 words, as determined by using the computer software's word-count function and excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

Signed this 16th day of January, 2025.

_____/s/ Giana Ortiz_____
Giana Ortiz

## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. P. 9.5, the undersigned certifies that a copy of this Brief was served on the following counsel of record on January 16, 2025, through the electronic filing manager to the email address on file with the electronic filing manager for counsel for Appellant Crowley Independent School District, David Campbell; and counsel for Appellee Commissioner of Education, Martin Cohick.

__/s/ Giana Ortiz_____
Giana Ortiz

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Ortiz on behalf of Daniel Ortiz
Bar No. 15323100
dortiz@ortizlawtx.com
Envelope ID: 96313832
Filing Code Description: Response
Filing Description: Stoneham's Response to CISD's Motion for Rehearing (1-16-25)
Status as of 1/16/2025 2:57 PM CST

Associated Case Party: Crowley Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Campbell | | dcampbell@808west.com | 1/16/2025 2:25:45 PM | SENT |
| Kathryn French | | kfrench@808west.com | 1/16/2025 2:25:45 PM | SENT |

Associated Case Party: Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 1/16/2025 2:25:45 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 1/16/2025 2:25:45 PM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 1/16/2025 2:25:45 PM | SENT |
| Martin Cohick | | Martin.cohick@oag.texas.gov | 1/16/2025 2:25:45 PM | SENT |

Associated Case Party: Carl Stoneham

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Ortiz | | dortiz@ortizlawtx.com | 1/16/2025 2:25:45 PM | SENT |
| Giana Ortiz | | gortiz@ortizlawtx.com | 1/16/2025 2:25:45 PM | SENT |