# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00225-CV

---

**Austin Achieve Public Schools, Appellant**

**v.**

**BookReport, LLC, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-005705,
### THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Austin Achieve Public Schools ("School"), an open-enrollment public charter school, sued BookReport, LLC, for breach of contract, seeking monetary relief. BookReport, an entity that provides financial services to various Texas public schools, filed a counterclaim alleging that School had breached the same contract and likewise seeking monetary relief, including attorney's fees. School filed a plea to the jurisdiction asserting that its governmental immunity had not been waived for the recovery of attorney's fees against it. The trial court denied School's plea to the jurisdiction, and School perfected this interlocutory appeal. We will affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this interlocutory appeal, there are no disputed fact issues. School entered into a contract with BookReport for it to provide financial services to School. A dispute

arose between them wherein, as alleged by School, BookReport failed to provide the services it was contractually obligated to provide. School filed suit against BookReport seeking damages for breach of contract. BookReport denied breaching the contract and subsequently filed a counterclaim seeking payment from School for three months of invoices that it alleged were due and unpaid. Among other relief, BookReport's counterclaim sought attorney's fees.

School filed a plea to the jurisdiction asserting that its governmental immunity had not been waived for the recovery of attorney's fees. BookReport initially sought attorney's fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code but later amended its counterclaim to seek attorney's fees, as well as damages, under Section 271.153(a) of the Texas Local Government Code.

The trial court denied School's plea to the jurisdiction. School perfected this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

## DISCUSSION

### *School's Governmental Immunity*

As an open-enrollment charter school, School enjoys governmental immunity.[1] *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 529–30 (Tex. 2020). Chapter 271 of the Texas Local Government Code provides a limited waiver of immunity from suit for local governmental entities:

---

[1] "Sovereign immunity protects the State, state agencies, and their officers, while governmental immunity protects subdivisions of the State, including municipalities and school districts. However, both types of immunity afford the same degree of protection . . . ." *City of Buffalo v. Moliere*, 703 S.W.3d 350, 353 (Tex. 2024) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008)).

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code § 271.152. The phrase "subject to the terms and conditions of this subchapter" brings into play the other provisions of Subchapter I of Chapter 271 in determining the extent of a local governmental entity's immunity. *See Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 108 (Tex. 2014) ("The 'subject to the terms and conditions' phrase in Section 271.152 incorporates the other provisions of the Act to define the scope of its waiver of immunity.").

One of the other Subchapter I provisions that the quoted phrase brings into play is Section 271.153:

> [T]he total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
>
> (1) the balance due and owed by the local governmental entity under the contract . . . .
>
> . . . .
>
> (3) reasonable and necessary attorney's fees that are equitable and just; and
>
> (4) interest as allowed by law . . . .

Tex. Loc. Gov't Code § 271.153(a). In its counterclaim, BookReport relies on Section 271.153(a) as its basis for seeking damages and attorney's fees against School. Through the "subject to the terms and conditions of this subchapter" phrase in Section 271.152, the provisions of Section 271.153 form conditions on the Act's overall waiver of immunity from suit:

3

Section 271.153's limitations on recovery are incorporated into Section 271.152 by its last "subject to" clause and are thereby conditions on the Act's waiver of immunity. . . . The Act waives immunity for contract claims that meet certain conditions: the existence of a specific type of contract, a demand for certain kinds of damages, a state forum, etc. . . . Section 271.153 does not add immunity that Section 271.152 takes away; Section 271.152 uses Section 271.153 to further define to what extent immunity has been waived.

*Zachry*, 449 S.W.3d at 109–110.

### Jurisdictional Issues

In its counterclaim, BookReport sought both damages and attorney's fees. In its plea to the jurisdiction, School complained only about BookReport's request for attorney's fees. Nor did School raise in the trial court the jurisdictional adequacy of BookReport's pleadings. On appeal, however, School also argues that BookReport's pleadings were jurisdictionally deficient and that the trial court lacked jurisdiction to award certain damages to BookReport. Nonetheless, questions of immunity from suit implicate the court's subject-matter jurisdiction and therefore may be raised for the first time on appeal or sua sponte by the court:

As subject-matter jurisdiction is never presumed and cannot be waived, *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993), the issue can "'be raised for the first time on appeal by the parties or by the court,' [and] a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358-59 (Tex. 2004) (citations omitted). Thus, an appellate court's review of a plea to the jurisdiction is not limited to the grounds set forth in the governmental unit's plea in the trial court.

*Texas Dep't of Transp. v. Self*, 690 S.W.3d 12, 20 (Tex. 2024). Accordingly, we address the jurisdictional adequacy of BookReport's pleadings as well as the trial court's jurisdiction to hear both BookReport's request for attorney's fees and its request for damages.

4

***Damages Used as Offset***

In a defensive counterclaim against a governmental entity, there is a fundamental distinction between damages that can be used as an offset to any damages the governmental entity recovers and, on the other hand, damages that exceed that amount. The Texas Supreme Court has addressed this jurisdictional issue:

> [A] governmental entity simply "does not have immunity from suit for monetary claims against it that are 'germane to, connected with, and properly defensive to' affirmative claims made by the entity," to the extent that the claims against the entity offset the entity's own claims. *City of Dallas v. Albert*, 354 S.W.3d 368, 372 (Tex. 2011) (quoting *Reata* [*Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 378 (Tex. 2006)]. "This is not because the governmental entity 'waives' its immunity by filing a claim for affirmative relief. Instead, the scope of governmental immunity simply does not reach the defensive counterclaims to the extent that any recovery on the counterclaims serves as an 'offset' against the government's recovery." *C. Borunda Holdings, Inc. v. Lake Proctor Irrigation Auth. of Comanche Cty.*, 540 S.W.3d 548, 550 (Tex. 2018) (per curiam) (citations omitted).

*Nazari v. State*, 561 S.W.3d 495, 501–02 (Tex. 2018). Thus, damages that might be awarded to BookReport and used solely as an "offset" to a recovery by School do not require any waiver of immunity. School concedes that it is not protected by immunity to the extent a recovery by BookReport does not exceed any damages School recovers. School necessarily also concedes that BookReport's counterclaim is "germane to, connected with, and properly defensive to" its own claims.

But School asserts that it continues to have immunity from BookReport's counterclaim to the extent any monetary relief granted to BookReport might exceed the monetary relief granted to School. We agree that BookReport's counterclaim, which seeks a recovery of "$250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs," and which does not characterize or limit its potential recovery as an offset to the

5

amount School might recover, potentially implicates School's governmental immunity as to damages that exceed any monetary recovery by School. *See Reata Const. Corp. v. City of Dallas,* 197 S.W.3d 371, 377 (Tex. 2006) ("[T]he City continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the City's claims."); *Harris County v. Bacilio*, No. 01-23-00517-CV, 2024 WL 3762483, at *5 (Tex. App.—Houston [1st Dist.] Aug. 13, 2024, no pet.) (mem. op.) (same, citing and quoting *Reata*). Accordingly, it was necessary for BookReport to show a waiver of School's immunity for any monetary relief that exceeds any monetary recovery by School.

Because BookReport uses Chapter 271 to invoke a waiver of School's governmental immunity as to both attorney's fees and "excess" damages, our analysis for both types of relief is essentially the same.

### *Whether BookReport's Pleadings Are Sufficient*

School argues that the trial court erred in denying its plea to the jurisdiction because BookReport's pleadings were not sufficient to invoke a waiver of School's governmental immunity, both as to attorney's fees and as to any monetary recovery that exceeds the amount recovered by School. Specifically, School complains that BookReport's allegation that the parties' contract had been "properly executed" by School was conclusory and therefore insufficient to invoke a waiver of School's governmental immunity. We agree.

"In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity." *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022). That demonstration begins with the pleadings: "To defeat a plea to the jurisdiction based on sovereign or governmental immunity, a plaintiff must plead facts

6

that, if true, establish a viable claim that is not barred by immunity." *Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022).

Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.*

It is well established in Texas that bare allegations alone are not sufficient to invoke a waiver of sovereign or governmental immunity. *See State v. Lueck*, 290 S.W.3d 876, 883–84 (Tex. 2009); *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *see also Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657 S.W.3d 438, 446 (Tex. App.—El Paso 2022, no pet.) ("While a court must accept the allegations in the plaintiff's petition as true in resolving a plea to the jurisdiction, we need not accept mere conclusory statements."); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 444, 451 (Tex. App.—El Paso 2020, no pet.) ("[C]onclusory allegations in a pleading are insufficient to meet a plaintiff's burden of establishing jurisdiction; instead, a plaintiff must allege specific facts that, if true, would affirmatively demonstrate the court's jurisdiction to hear the case."); *City of Dallas v. Ruffin*, No. 05-20-00646-CV, 2021 WL 3196963, at *7 (Tex. App.—Dallas July 28, 2021, no pet.) (mem. op.) (holding conclusory allegation insufficient to invoke waiver of sovereign immunity).

Section 271.152 of the Local Government Code waives a local governmental entity's immunity if the prerequisites stated in the provision are met: "To invoke Chapter 271, the party claiming a breach of contract 'must in fact have entered into a contract that is "subject to this subchapter," as defined by section 271.151(2).'" *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 531 (Tex. 2020) (quoting *City of Houston v. Williams*, 353 S.W.3d 128,

134–35 (Tex. 2011)). Section 271.151(2), in turn, defines "contract subject to this subchapter" to mean "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity *that is properly executed* on behalf of the local governmental entity." Tex. Loc. Gov't Code § 271.151(2) (emphasis added).

The court in *El Paso Education Initiative* held that it is not enough that some representative of a charter school executed the contract; rather, "a contract is *properly* executed when it is executed in accord with the statutes and regulations prescribing that authority." 602 S.W.3d at 532 (emphasis in original). The court went on to hold that

> to avail itself of a waiver of immunity, a party asserting a breach-of-contract claim against an open-enrollment charter school must demonstrate that the contract's execution comports with the authority the legislature granted the school in its charter, including the statutory and regulatory requirements placed on open-enrollment charter schools entering (or seeking to enter) contractual relationships.

*Id.* The court concluded that under the administrative rules governing open-enrollment charter schools, "a contract that 'authorize[s] the expenditure or obligation of state funds' is one of the 'powers and duties' that the 'governing body of the charter holder itself' must exercise." *Id.* at 532–533. Delegation of the requisite authority by the charter holder's governing body is possible but requires the written approval of the State's Commissioner of Education. *Id.* Accordingly, absent proper delegation to another person, a contract requires approval by the "governing body of the charter holder itself."

The supreme court's holding in *El Paso Education Initiative* requires a party to overcome specific factual hurdles in order to show that a contract was "properly executed" and thus be able to use Section 271.152 of the Local Government Code as the basis for finding a waiver of an open-enrollment charter school's immunity. 602 S.W.3d at 532–33. In seeking to invoke

8

Section 271.152's waiver of governmental immunity, BookReport's counterclaim alleged, without any accompanying relevant underlying facts, that the contract in question "was properly executed by [School]." Based on the authorities cited above, this conclusory allegation is simply not sufficient. Accordingly, the trial court erred in denying School's plea to the jurisdiction as to BookReport's claim for attorney's fees, as well as its claim for monetary relief to the extent such relief might exceed any recovery by School.

### *Dismissal or Remand*

A conclusion that the allegations in BookReport's counterclaim are not sufficient to invoke a waiver of School's immunity does not end our appellate review. We must decide whether to remand the case to the trial court to give BookReport an opportunity to replead:

> If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.

*Miranda*, 133 S.W.3d at 226–27 (citations omitted). Remanding for an opportunity to replead is the preferred option. *See Texas Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 424 (Tex. 2024) ("Ordinarily, when a jurisdictional plea challenges only the pleadings, the remedy is to remand for an opportunity to replead.") (citing *Miranda*).

Sections 271.152 and 271.153(a) together provide a limited waiver of a local government entity's immunity for attorney's fees. Section 271.153(a) contains no prohibition on a recovery of attorney's fees, unlike Section 271.153(b)(1)'s prohibition against recovering consequential damages, which has been held to create a jurisdictional bar to recovery of such damages. *See San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 630 (Tex.

9

2020) (holding that immunity for most types of consequential damages is not waived in face of express prohibition in Section 271.153(b)(1)). Although Section 271.153(a) places a limit on the overall amount, including attorney's fees, that can be recovered from a local governmental entity, the express approval in Section 271.153(a)(3) of obtaining an award of attorney's fees at all is a clear indication that the legislature intended a general waiver of immunity for the recovery of attorney's fees.

School contends, however, that a remand here would be futile because, in its view, Section 271.153(a) does not, by itself, form an independent basis for a recovery of attorney's fees against a local governmental entity. School bases its argument on the fact that Section 271.153(a)(3) lacks the express "shall recover" or "may recover" attorney's fee language found in true fee-shifting statutes. Accordingly, School reasons, BookReport's failure to properly invoke Section 271.152 in its pleadings was an "incurable defect in jurisdiction" as to attorney's fees.[2] Since BookReport currently relies on Section 271.153(a)(3) for its request for an award of attorney's fees, School argues that a remand to allow BookReport to replead would be pointless. We disagree.

To be sure, there is a split of authority in Texas regarding whether Section 271.153(a) creates an independent, "stand-alone" authorization for an attorney's fee award or

---

[2] School does not argue that a remand would be similarly pointless regarding a potential monetary award to BookReport beyond the amount that could be used to offset any recovery by School.

10

whether, on the other hand, a claimant seeking such fees from a local governmental entity must rely on a contractual or separate statutory provision as the basis for the award.[3]

In the present context of addressing an interlocutory appeal from the denial of a plea to the jurisdiction, however, that is not a decision we need to make. Our remand is open-ended, not restricted to pleading additional facts pertaining to how and whether the contract was "properly executed." On remand, BookReport may replead however it chooses, including asserting any basis for recovering attorney's fees. The fact that its current counterclaim relies on Section 271.153(a) does not prevent it, on remand, from alleging other grounds for that recovery. Or it may choose to rely solely on Section 271.153(a)(3). The fact that, on remand, BookReport *might* choose to rely solely on Section 271.153(a)(3) as its basis for recovering attorney's fees, and the fact that Section 271.153(a) *might* ultimately be held not to be a stand-alone authorization for a recovery of such fees, does not persuade us to deny BookReport the opportunity in this case to replead as it chooses.

We have held that BookReport's conclusory allegation that the contract in question was "properly executed" is not a sufficient pleading of jurisdictional facts to invoke a waiver of

---

[3] The San Antonio and Corpus Christi–Edinburg Courts of Appeals, as well as a federal district court in the Northern District of Texas, hold that Section 271.153(a)(3) is enough. *See City of Corpus Christi v. Graham Constr. Servs., Inc.*, No. 13-19-00367-CV, 2020 WL 3478661, at *5 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied) (mem. op.); *City of Pearsall v. Tobias*, 533 S.W.3d 516, 526–27 (Tex. App.—San Antonio 2017, pet. denied); *Dallas/Fort Worth Int'l Airport Bd. v. INET Airport Sys., Inc.*, No. 4:13-CV-753-A, 2017 WL 4221077, at *5 (N.D. Tex. Sept. 21, 2017). The Fort Worth and Houston (First) Courts of Appeals hold to the contrary. *See McDaniel v. Crowley Indep. Sch. Dist.*, No. 02-24-00053-CV, 2025 WL 876777, at *9 (Tex. App.—Fort Worth Mar. 20, 2025, pet. filed) (mem. op.); *Chambers County v. Pelco Constr. Co.*, No. 01-18-00832-CV, 2020 WL 7776078, at *6 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, pet. denied) (mem. op.); *County of Galveston v. Triple B Servs., LLP*, 498 S.W.3d 176, 189–90 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

School's governmental immunity. That pleading defect, however, is one that can be cured. BookReport should be given an opportunity to replead.

## CONCLUSION

With respect to any monetary relief BookReport might ultimately be awarded that does not exceed any monetary relief granted to School, and which can be used as an offset to School's recovery, the trial court was correct in overruling School's plea to the jurisdiction. We affirm the court's order to that extent. With respect, however, to BookReport's request for attorney's fees and for monetary relief that could exceed any monetary relief granted to School, BookReport's conclusory allegation that the contract was "properly executed" by School is not a sufficient statement of jurisdictional facts to invoke a waiver of School's governmental immunity. Accordingly, the trial court erred in overruling School's plea to the jurisdiction as to BookReport's request for attorney's fees and for monetary relief that might exceed any monetary relief granted to School; we reverse the court's order to that extent. Because we hold that BookReport's pleadings do not affirmatively demonstrate an incurable defect in jurisdiction, we remand the case to the trial court to allow BookReport to amend its counterclaim.

_____

J. Woodfin Jones, Justice

Before Justices Triana, Crump, and Jones*

Affirmed in Part; Reversed and Remanded in Part

Filed: July 25, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

12